We'll move on now to our second case today, RLF Nazareth v. York RSG International, Lloyds, London. Ms. Tully, I gather we'll be hearing from you, not Mr. Meade this morning. Whenever you're ready. Good morning, may it please the court, I'd like to reserve two minutes for rebuttal. My name is Jessica Tully, I'm counsel for the appellants, RLF Nazareth LLC. And we respectfully ask this court to vacate the district court's judgment and remand for a new trial with proper jury instructions on the remaining elements of the only claim left for the jury to determine, which was bad faith. The district court created an internally contradictory framework that made it impossible for the jury to fairly adjudicate the only remaining claim by repeatedly telling the parties on the record at least three separate times that breach and contract damages were resolved and moot. Yet the final jury instructions required the jury to find breach as an element of bad faith. The error is in how breach was defined. Breach was defined as requiring damages. And the jury was asked to determine whether compensatory damages existed when the court had previously ruled that all compensatory damages had been paid. I take your argument that the error to have two parts one you're saying that there had already been a determination as to breach and the other that the reference to the causing of damages was something that confused the jury. That's correct. And I think that the breach argument can get muddied because there were questions as to whether the breach just occurred with respect to the pool or whether it involved the cottages. I think the more persuasive and real argument is that regardless of whether breach as to one aspect of the policy was determined by the court and left open and other aspects. Breach should not have been defined by requiring compensatory damages because that was definitively ascertained as having been fully paid prior to going to the jury. But also related, sorry go ahead Judge Smith. I simply wanted to ask if because this case turns by virtue of how you have presented it to us on the jury instructions here, did you object at any time to those jury instructions at trial? I was not counsel at trial. There was no objection made at trial. I understand. All right. So we're reviewing. And so no, there was no objection. So this is a plain. So we are reviewing for plain error, am I correct? Yes. All right. Thank you. Yes. And plain error while it is, go ahead, I'm sorry, why are those two things related? That is if the prior decision that was made as to breach by the court itself, yes, related only to the pool and the jury was told that there was a full compensation for that breach. Why doesn't that leave open the question of compensatory damages for another breach that the district court did not find? Well, there were no remaining compensatory damages available under the policy. And the court had ruled that on three different occasions. So the structural incoherency stems not only from the jury instructions, but from the memorandum opinion, the footnote in the memorandum opinion states fairly clearly that breach had occurred, that the issue of breach was moot. But where the, I think confusion lies is that there was a breach of contract claim that's separate from the bad faith claim. To prove breach of contract as a claim, damages are required, right? To prove bad faith as a cause of action, breach is an element, but breach is not the same in the bad faith claim predicate as breach of contract. Damages are not required under the breach predicate for bad faith. They are required for punitive damages, right? Punitive damage is correct, but not compensatory. And compensatory damages is the exit ramp that we believe the jury could have, may have chosen to use at the instruction of defense counsel in the closing argument. No compensatory damages, no breach, no bad faith claim. The jury should have never been asked about compensatory damages as at that point the plaintiff was no longer seeking them. They had been fully awarded. And so the only damages left were the punitive damages claims. The structural incoherency of what occurred with the district court, I guess it's hard for me to see that being plain error. So I'm very interested to hear what you say. When the district court specifically asked what are, you're seeking punitive damages. So what are your compensatory damages? And your client specifically said the $174,000. So basically the district court instructed the jury consistently with the theory that your client itself advanced. So can you help me understand, given that that's the law, that the instruction was both consistent with the law and your client's own theory, why this is plainly erroneous? Yes, your honor. One moment here. So it's true that at trial, the plaintiff's counsel had requested that amount as compensatory damages, not only to the jury, but to the court. I mean, prior to any summation, the district court asked, OK, well, what's your theory of damages here? And that is exactly what your client advanced. So why is it plain error on the district court's part? Well, I think it demonstrates the problem instead of undermining it. So counsel was forced to give the jury a number because the instruction and verdict form demanded one. But that number had already been made. So that number related to the cottages or if it wanted to, which it said it did, it could have said we need an instruction that just because the damages have been paid doesn't mean that damages weren't incurred and at some point compensatory damages were required. But your client never asked for that and never objected to this. And again, the district court's instruction is both consistent with what your client asked for, what your client argued, and with the law. I mean, like what's the plain error? The plain error is that there were no unpaid compensatory damages. The court ordered that and then it asked the jury to find whether any had existed. So we're talking about a theory of the case. If there were no unpaid compensatory damages and the court had already ruled and ordered that, then why did it ask the jury to determine that as an element of breach as that's what your client asked the court to do? Yes, and the court did not. Your client asked the court to say that the compensatory damages, well, not to say, but your client's theory was that it was the $174,000 in damages and it never asked for what you're asking for now. And I understand the logic of what you're asking, but your client at trial never asked and you need to instruct the jury that just because these have already been paid doesn't mean that at some point there were compensatory damages or if your client's position is this simply isn't compensatory damages, really the compensatory damages at some point your client was talking about consequential damages for the delay incurred by the delay. You know, I know a number of those were rejected for the breach of contract claim, but there seemed to be some other arguments being made by defense counsel, but it just never gave any evidence as to any consequential damages or any. And to your point, if these were compensatory damages, if it wasn't saying and this is what I understood from the colloquy that no, we're not asking for nominal compensatory damages since we've already received money under the appraisal, it seems to me the real argument here is that yes, we incurred compensatory damages at some point. It just happens to be they've already been paid. And so the jury should be instructed that even though they've already been paid, doesn't mean they weren't incurred. Correct. It seems like you're saying that that it's plain error for the district court not to have ascertained that even though your client never asked for that. So I guess I guess I'm answering my own question. Your argument is just the district court should have sua sponte without your client asking for that particular instruction, given that instruction based on your client's theory. Well, it goes to the structural layout of the district court and framing this argument itself. Right. So in the memorandum opinion, when it said that the contract claim is moot, that compensatory damages have been awarded, but the bad faith claim would survive. I think it's a plain error then to take compensatory damages, which is an issue of fact that had already been determined, and then put that forward in front of the jury because it could create a confusion about how the jury reached its verdict. So the standard from Halecki is that if there's a possibility that a jury could have reached the verdict on elements that were not at issue, right, with respect to the case, then it's plain error. And so we can't know whether this verdict was determined by actual review of the merits by the jury, or if the jury said, okay, no compensatory damages, I have to find compensatory damages to find breach, I have to find breach to find bad faith, and then took that as an exit now. So the plain error is that we don't know how the jury came up with this answer. Your client could have asked for that instruction, your client could have raised issues around that portion of the special verdict form. But instead, your client told the jury that the way the law works is in order to award punitive damages, you also have to award compensatory damages. So if you want to send the message we're asking you to send, there needs to be numbers in both of those lines. And this is appendix 156. Why isn't that your client making the argument that you need to put down there and leaving the jury to figure out what that would be? I mean, that argument could have been just put down the number of the appraisal award, or you can just check the box because that's already been decided. But it didn't do either of those things. It actually made the argument to the jury that it needed to put down a number under compensatory damages in order to have punitive damages. I'm not arguing that this isn't the plain error standard, right? I can't go back and argue why Plaintiff's Counsel did not preserve any of the objections in the record. What I'm arguing is that if you look only at the record, which I have done and which you are doing, and you look at how this was structured, and you say, okay, did the jury rely on an invalid theory, or may it have relied on an invalid theory? Under Halecki, we've got the question of may it have relied on an invalid theory. So it wasn't preserved. We're on a much higher threshold. The standard is difficult to meet, but I believe that this type of case where a judge has already ordered certain elements of the cause of action to have been satisfied and then presented those same issues to the jury is exactly the type of case that should withstand a plain error review. I guess another way of asking the question I'm asking is, given the affirmative statements that were made by Plaintiff's Counsel to the jury, and the theory of the case that was advanced by your client before the jury, why don't we have here not simply a forfeiture, a failure to object, but a waiver, an affirmative assertion of a theory that is contrary to the basis for your rule now? Well, I think that because the error here is not the kind of subtle and structural nuance that the objection requirement is necessarily designed to catch. This was the trial court contradicting its own prior rulings, rulings that it had issued in writing, rulings that counsel had sought clarification from, or in the record, rulings that it did not get clarification from by the court. And these rulings were issued in writing. They were reiterated at a pre-trial conference and repeated at trial itself. So counsel had every reason to believe that the court understood that breach and damages were resolved. And the instruction was given after the jury charge conference, and the contradiction between the court's rulings and its instructions is not the type of gap that a contemporaneous objection typically addresses. And this is exactly why Rule 51D2 exists. It's existing to prevent a miscarriage of justice when a fundamental error infects the sole claim at trial. There's no dispute that the breach question decided by the district court related to the exclusion of the pool, right? The court was explicit that it was leaving open the question of the cottages, right? That's correct. So that's not the open question or confusion that you're pointing to in terms of what the error was in the instruction. It's not about the breach portion. It's only about the inclusion of reference to damages. That's correct. Compensatory damages particularly. The instruction given was, quote, a breach of contract occurs when a party breaches a duty created by an agreement that results in damages, end quote. So there was nothing foreclosing your client from saying, here the duty was to cover the  They didn't. It resulted in damages, $174,000. That has already been paid, but that doesn't mean it didn't result. I don't see any plain error in this instruction. It seems like your quibble is that it said that results, but in fact, a breach of contract is a breach of a duty and damages that result from the breach of that duty. So you seem to be quibbling with the district court, again, not clarifying about the fact that the damages had been paid, not that they hadn't resulted, but your client was free to argue that. And it's just very hard to see how something that correctly states the law is plainly erroneous. So it does correctly state the law, right? Breach of contract, we all know it has to have a breach and has to result in damages. Unfortunately, where the plain error arises is that when the jury comprised of lay people is instructed of the elements and the elements include damages as a requirement of breach. No, I understand your argument. Your argument is basically a reversing of the reverse engineering of the definition, which is basically that the jury decided the questions out of order and decided that since there were no damages, there in fact was no breach of a contract and didn't even decide if there was a breach of duty or not. They simply decided, but again, they could have. Yes, that's where it comes in. And I think when the question is answered, again, sure, they could have reverse engineered. It could have been more clear, but your client didn't ask for that. You've acknowledged that it was a correct statement of the law, and that seems to end any plain error. Well, it was a correct statement of the law. However, elements of that, the law had already been satisfied by the court. They've already determined that the breach existed. They already determined that compensatory damages were paid. You just acknowledged with Judge Krause that the particular breach advanced to the jury, which is a breach of a duty to cover the cottages was not decided. All compensatory damages were paid. And so for the breach of the pool, for all of it, that is not what the summary judgment opinion or that opinion says. It does say all compensatory damages, but for there to be compensatory damages for the coverage of the cottage, you would first have to decide there was a duty to cover the cottages that the letter of the initial letter was, in fact, a denial of coverage, which the district court expressly said it was not reaching. So to conclude that 174 was compensatory damages is explicitly belied by its statement that there was a genuine dispute of material fact as to coverage of it. I understand what you're saying, that it in fact covered the cottages. But if you read the district court's decision and your client's colloquy at trial, that seems to speak directly to appraisal. It speaks to appraisal, and it also speaks to compensatory damages having the only breach that the district court found and therefore for which there could be compensatory damages was the pool. Correct. And so the question is, why was the jury asked to find compensatory damages as an element of of the breach? The jury wouldn't it, whatever number it advanced? Why wouldn't it be asked to consider that if it if your theory of breach is totally different? Breach of breach of a pool coverage versus breach of a cottage coverage. That's two entirely different theories of breach. Well, my understanding from the record, and my understanding from plaintiff's counsel is that the appraisal award covered all compensatory damages that were available under the policy. And so when it came to questions as whether the contract was breached in other ways, that was a claim handling question, not one of compensatory damages. So I guess what I'm saying is the completion seems to be on your clients part rather than the courts, because compensatory damages is a legal term. Meaning first, there has to be a breach of a duty, and you seem to be using it as just payment of a claim. No, there was breach that was found, there were damages that were found, there were damages that were paid. By the time it got to trial, there were no further compensatory damages that were being sought. There was no dollar amount that could have been put on that box in the jury verdict form that would have resulted in a fair adjudication. Zero would mean that they found no further compensatory damages, any positive amount. That would have to be a legal decision by the district court, that in fact there had been a breach of the cottage coverage, and that as a result there were damages. But that was the exact question for the jury to decide. That question of what damages were left as a result of the breach and the bad faith handling claim? Well, first it had to decide that there was a breach of the cottages. And I get your point, which is that because this instruction was given in one sentence, it skipped that and just went to damages. Correct. And it gave the jury an exit ramp to not consider the bad faith handling of the claim. But did it give the jury the exit ramp or did your client give the jury the exit ramp by its theory? The bottom line is that since we don't know, you can't tell whether it was a jury instruction error or whether it was an error from counsel. I think that's ambiguous enough to draw upon Halecki and say, okay, where did this go awry? Ambiguity is created by your client and not the court. By the jury instructions, by the jury instructions. Well, when we're talking about plain error, I just want to make sure we're all on the same page as to the standard that we're supposed to apply, because you're saying it may have made a difference and that's all that's required. I mean, that sounds like harmless error as a standard, not plain error. You agree that for plain error, what we're talking about is an error that's fundamental and highly prejudicial. That's correct. And it has to result in a miscarriage of justice. That's correct. So that it may have made a difference would not be sufficient. No, that's not the full standard. It's just under Halecki, the idea that a jury relying on an invalid theory or that it may have relied on an invalid theory is a component of the standard. So the standard itself is actually more severe than that. What we're arguing is that this was the only claim left for the jury to consider was bad faith. It was no longer considering breach of contract at all. There was no remaining breach of contract claim that was left for the jury to decide. All that was left was bad faith. And as an element of bad faith, breach of contract is the first element. Breach of contract. There had not been a directed verdict on it, but there had been statements throughout the proceeding that there was no more contract claims available. So when bad faith is considered, we should be looking at claim handling conduct, not at whether there was a breach and whether there were damages because that had already been established. And so when we're talking about what the error is, the error is the jury should have been instructed either that breach had already existed, compensatory damages had already been paid, and to only consider the claim handling conduct. And that's it. Nobody wanted compensatory damages any further. There was no arguments for it. Unfortunately, the record does reflect a request that would have awarded double damages if it had been honored. And so I think that leads to the ambiguity. What number should the jury have put on the compensatory damages line when all parties in the district court itself knew that there were no further compensatory damages at issue? OK, I think we understand the argument. And any further questions? Judges? No, thank you. We'll hear from you in rebuttal. Good morning, your honors. May it please the court. Matthew Dunsing together with my associate Joseph Sauerwein here on behalf of the Appley certain underwriters at Lloyd's asking this court to respectfully uphold the and affirm the decision of the jury below. In a case that, quite frankly, and we were trial counsel below, Judge Malloy was very generous to plaintiff's counsel and gave plaintiff's counsel very wide latitude in presenting the case to the point that we made a number of objections, particularly on the damages question. Plaintiff's trial counsel did not object to the instruction, which is the sole basis for this appeal. So we understand we're reviewing for plain error. There was not an objection below. My point is that trial counsel had Apple opportunity not only to object to the instruction, but to submit an alternative, some kind of a special interrogatory or an instruction addressing the question of damages did not submit any of that. Counsel never demonstrated to the jury that there was any breach of contract with regard to the handling of the rest of the claim. And it was the cottages primarily, but there were also issues related to the insured's refusal to accept his obligation to pay a deductible. That's one of the issues that we had to address in moving to enforce the appraisal award. It was a 10% deductible. It was a very substantial amount. Our bad faith claim is focused on the denial of coverage, denial as to the theory of the case, denial as to the cottages at the outset. So let me ask you about, you talked about special interrogatories. There do appear to have been special interrogatories here that were put to the jury with a line for compensatory damages. Who put forward that proposed form for the jury? That was the plaintiff's counsel who put forward the form and told them to not only write in the number from the net appraisal award, but also use that number as a multiple for a basis of a claim for punitive damages. And I believe they were actually, I don't recall the exact number, but we're asking for something over $3 million based upon the actual calculation made by counsel of what their punitive damages should be as well as a multiple of the appraisal award. Sorry, where in the record, perhaps I missed it, where in the record did plaintiff's counsel ask the jury to put the appraisal award figure into the line for compensatory damages on the special verdict form? Well, my understanding, my recollection is that that was the number that he told them to write on the compensatory damages line on the form, and then he gave them another number for punitive damages. That's my recollection from trial. If I'm mistaken, I stand corrected. In this closing statement. Right, correct, correct. And that was consistent with the argument, the closing argument that was made as well. So not to split hairs, but it's not that plaintiff did prove entitlement to any damages. Plaintiff didn't prove that there were no unpaid damages is what our view was of the case and not to put the cart before the horse. They also didn't prove any breach with regard to the rest of the handling of the claim. And your honors are correct. But I think that insertion of the word unpaid damage, your insertion of the word unpaid is very key here because that's not the instruction that was given to the jurors. The instruction that was given was that there was a breach of a duty that results in damages. Now, whether or not they had been paid or unpaid by that time is not part of the instruction. And in Lloyd's closing, was it? Were you the closing? It was me. You in closing. Guilty as charged repeatedly that you're to your point here. There are no unpaid damages. But isn't that that isn't that directly contrary to the district court's jury instruction and therefore didn't? What wasn't it incumbent upon the district court to correct that legal that legally erroneous argument? I don't believe that it was legally erroneous because they were arguing for punitive damages as well. And the jury. But my understanding, based on both of your closings, was that the punitive damages was due to the six year delay, which doesn't speak to. OK, yeah, I sustained $174,000 in damages after my deductible was paid. And I did get that back. But I deserve punitive damages. It took me six years to get that. And it shouldn't have taken six years. And so if you find that Lloyd's breached because that initial letter was a denial and they should have paid it within the like two months that they just realized the coverage included the cottages. There's no reason there's no reasonable basis for Lloyd's to not pay me for six years. And that's where the punitive damages come in. But the jury rejected that argument and found that there was no breach and that the passage of time here. But I guess I'm saying to your colleagues point that seems like it could be legal error that you injected in your closing. And when you said it wasn't, you said it's you brought it back to the punitive damages, which I view them as having made based on both of your closings as a separate basis. So can you just tell me notwithstanding punitive damages, what the basis for punitive damages, all of that, but just simply, is it legally erroneous to say that the breach had to result in unpaid damages rather than simply had to have resulted in damages? I don't believe so, because that would be the whole point by its very definition of compensatory damages, damages for which you have not received compensation. And I think it was entirely an accurate statement of the law. Why would the jury award compensatory damages for something which everyone agrees and concedes was fully paid? But this isn't the determination about whether it's funds that are still owed. You're looking at the time of the breach, not to the time of a subsequent settlement where there's agreement that there were damages that resulted from the breach. And so those compensatory damages are then being paid. But there was no breach. There was no breach. The judge, Judge Malloy found on summary judgment, and again, I disagreed with him on that point because issue about the pool, but that's not part of this appeal. He was very specific in his decision that he was strictly talking about the pool and that plaintiff was was free to go forward to try to prove bad faith with regard to the other handling of all the other aspects of the claim. And we demonstrated at trial on an uncontradicted basis. There was never any denial of coverage. It was a continuing process. I think we proved that appraisers went out to the property at least six times, and it was only the very first letter that did not include the cottages. And that first letter invited the insured to respond and say, if you have a difference of opinion on this, please tell us. But you're not cross appealing Judge Malloy's decision that there was a genuine dispute as to whether the initial letter was a denial. No, we're not. We're not. That's basically your argument. Decide right now. Yeah. That you're making now. No, I'm sorry. I was just saying that as an aside, we disagreed with his ruling on the pool, but we're not appealing that now. And I'm but but you're also you didn't also cross appeal his his subsequent part of his genuine dispute as to whether the initial letter was in itself a denial. That's correct. And that's why plaintiff had every opportunity at trial to try to demonstrate that. And we put on testimony. But going back to Judge Cross's question, if it was an open question for the jury, whether or not that was a denial and a breach of the coverage, then why wasn't it also an open question whether damages resulted at that time, meaning the time of the breach? Well, I think that's what plaintiff was arguing, but the damages that they were claiming were measured by the appraisal award. They were not claiming any consequential damages beyond what had already been awarded in the appraisal process and enforced by the district court. But does that answer the question, though, at just assume that that initial letter was a breach? Just because later, you know, there's a number that's decided as to to what the damages were that doesn't. Why does that control the issue or the question? Let me start over. It's getting too wordy, assuming that the initial letter was a breach. Why was it not legally erroneous to say that no damages resulted simply because they had later been paid? Well, first of all, that February 13 of 2018 letter didn't deny coverage. It's just I mean, I understand that's your argument and that you're arguing that's what the jury decided. I'm just asking you to let's assume that that was a denial because I'm trying to get the question of your argument to the jury that the damages were unpaid. And I'm trying to understand why do you not think that was legally erroneous? Because if you assume that was a breach, the question just seems to be, did that breach at that moment result in damages? And you seem to be saying that it doesn't matter if there were damages, it's whether by the time it reached a jury, those damages were unpaid. Why is that not a legally erroneous statement? To me, the instruction is totally accurate in defining a bad faith claim under Virgin Islands law. And the fact that the jury is able to decide for itself that compensatory damages have been paid and put zero on the line, which is what they wrote, is I think entirely consistent with the instruction and within the purview of the jury. They're the ones who make that determination. But was your argument consistent with the law that the damages had to have been unpaid by the time the case reached the jury? I believe so, because they would not be entitled to a double recovery on compensatory damages. They are proceeding on the bad faith claim for punitive damages. Right. Right. So what is your authority for the proposition that parties couldn't resolve between themselves and stipulate that there was a breach, that there were compensatory damages, settle that portion of it, and then proceed to a trial on the question of punitive damages with the breach and compensatory damages issue already settled? To me, that sounds like you're quoting the Pennsylvania statute that the appellants have cited throughout, which does allow exactly what you're suggesting. I've never seen that allowed under Virgin Islands law. What disallows it? Pardon? What disallows it? What authority is there that a settlement where there's an agreement that there were compensatory damages forecloses the jury accepting that there were compensatory damages as it's considering whether punitive damages are appropriate? Because you would still have to prove that there was a breach of the insurance contract and then an intentional refusal to pay the damages that were due. Those are different elements, and certainly those would need to be proven. But we're homing in on the question of your assertion before the jury that the damages had to be unpaid, and where is there authority for that proposition? Well, again, it's my understanding that compensatory damages have to be damages which are unpaid, for which you are compensating someone. Why would it not be a windfall or a double recovery if a jury is allowed to award damages that have already been paid pursuant to an appraisal award? Well, what would foreclose, for example, the jury from putting down here the figure that was the appraisal award and saying already paid? Were the judge saying, got it, they're accepting the proposition that those were the compensatory damages already paid? And here's the crux of the matter. Were there punitive damages warranted or not? Well, I don't have any recollection of the plaintiff's counsel suggesting that, you know, a different instruction to that effect. And the instruction that was submitted was legally accurate, it was factually accurate, it was not objected to, and there was no other alternative instruction suggested by the trial court. I thought you said a moment ago that their argument in closing was that the jury should put down on the compensatory damages line the appraisal award figure. Right. I believe he did argue that. That is my recollection that he argued that. But again, I don't see how that's contradictory or inherently inconsistent with the instruction itself. Is it your position that that line in the verdict form, compensatory damages, I'm trying to tease out your argument here, is that what counsel asked for was actually compensation for the breach, whereas compensatory damages for a bad faith claim has to be compensation for the bad faith aspect. In other words, the first element is there's a breach and there were damages, and whether or not those were paid, that's not necessarily what goes on compensation for bad faith. The compensatory damages for a breach of contract claim is not the same as compensatory damages for bad faith, and that the compensatory damages had to have been directly resulting from the meaning the six year delay that they argued to the jury. Well, again, unlike the Pennsylvania statute, which I'm not that familiar with, but I understand it allows punitive damages, even if you do not prove compensatory damages. Virgin Islands law, as I understand it, requires proof of compensatory damages. But I guess I'm asking you, does that does the compensation for a bad faith claim have to be from the bad faith as opposed to the breach? Because that sounds to me, that sounds like what you're saying, that if, in fact, there was a denial in the initial letter, there are no compensatory damages for purposes of the bad faith claim because that was all paid. And because defense counsel never submitted any figure for, you know, like over six years, I could have instead of spending $18,000 on my deductible, I could have invested that and made, you know, $100,000 in Bitcoin because that's what I was doing. That's the kind of compensatory damages that a bad faith that should have been on the compensatory damages line. Well, first, they put on no evidence about what they would have. Yes, I'm aware. But as a legal matter, you still have to prove breach of the agreement. And resultant damages. And that's what the instruction said. And they didn't prove either one trial. And so I don't see the inconsistency. Wasn't the existence of compensatory damages already determined as a matter of law by everyone's acceptance of the appraisal award? Well, you still have to prove breach, right? I mean, that's a different element. Right. But what wasn't the existence of compensatory damages decided as a matter of law? It's law of the case, right? It was decided as part of the appraisal award. Yes, it was enforced by the court. That's true. And as long as there existed compensatory damages, a jury would be authorized in the Virgin Islands law to award punitive damages, right? But you would have to determine those compensatory damages were not resulting from bad faith. Those compensatory damages were contract damages that were awarded by an arbitrator pursuant to a provision that we invoked under the policy. So no, they were not part of a bad faith award. And we submit they were just a monetary determination of a disputed claim. Judge Smith, do you have questions? No, I do not. Thank you. Thank you. All right. Thank you. Thank you, counsel. Good afternoon. Again, we are simply asking for an opportunity for these issues to be fairly presented to the jury and for the bad faith handling claim component to be isolated from the elements of breach and damages, which have already been previously determined by the court. Whether the claim is successful or not is irrelevant. We don't know how this verdict came about, what the logical reasoning was, whether it followed the merits in the law or whether it didn't. And because of that, we believe that's a miscarriage of justice that requires plain error reversal. And if the case were to be tried again, we would like to have specific jury instructions that focus on the claim handling rather than divert claim handling conduct review out of the gate by considering whether there had been a breach and damages. Breach had already been established. Damages had already been paid. Whether there was additional breaches or more damages is irrelevant to the bad faith handling claim. Again, the contract claim was not in dispute. There weren't any further questions of breach or further questions of compensatory damages. What was at issue only was the bad faith claim. So if that faith was the only claim to be reviewed, we feel like that we should have an opportunity fairly to have those issues heard by the jury. In the limited time remaining, since we are talking about plain error and you need to show that the error was fundamental, highly prejudicial would result in miscarriage of  Would you address why the letter should be considered a denial and why there's not a legitimate reason given the description of the covered property that York as the initial appraiser would focus on the property described? Sorry, can you please repeat that question? I'm having a hard time. I'm hard of hearing. Yes, I'll give you an additional minute. But the question was, since we need to look for, even if you are right about error in the as to the compensatory damages form, you would need to show that there was significant prejudice. You would need to show miscarriage of justice. You need to show that there would have been a different verdict that came out. So speak to us about why there was a denial in the letter from York and why we should consider there not to be a legitimate reason to focus on a single dwelling. I think that we're talking about whether a miscarriage of justice has occurred as being the standard, right? And the only claim left for the jury after six years of litigation was whether the insurer had acted in bad faith. And so when we're talking about claim handling conduct, whether bad faith had been met, I think that the, whether there was denials in the letter or not, the court previously as part of its prior rulings and on the record statements, it said breach was gone. There was no more breach of contract to be discussed. So there wasn't an opportunity to discuss that any further because it wasn't, it was no longer part of the litigation. Breach of contract had been separately established by the court, whether through arguments about what was included or not included with respect to that letter. The breach had already been established and the judge had told the parties that that was not a matter to be re-litigated. And so if breach was already established and if damages were already paid, it does become a miscarriage of justice when the jury is asked to determine things that had already been determined by the court as having previously existed as satisfied elements of the bad faith claim. So again, we don't know whether the jury's verdict was on the merits or not. If it was determined by an accurate assessment of bad faith or whether they chose an exit ramp and said, well, there were no unpaid compensatory damages, so we can't reach the next step. And all we're asking at this time is for a new trial, limited to proper jury instructions, so that the plaintiff who had been waiting for many years to get paid out could have his day in court on solely the bad faith handling of the claim, not unpaid damages. Thank you. Any further questions? None from me. Thank you. Then we thank both counsel for arguments today, and we will take this case as well under advisement.